COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Haley

QUINTIA PATTERSON, SOMETIMES KNOWN AS
 QUINTIA N. PATTERSON

MEMORANDUM OPINION[*]

v.      Record No. 0093-22-2

PER CURIAM
JUNE 7, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

(Danielle G. Koger; Koger Law Group PLLC, on brief), for
appellant.

(Robert D. Bauer, Assistant Commonwealth's Attorney, on brief),
for appellee.

Appellant is charged with second-degree murder and unlawful stabbing in the commission

of a felony, in violation of Code §§ 18.2-32 and 18.2-53, respectively. On appeal, she challenges

the circuit court's denial of pretrial bond, arguing that the court abused its discretion by "fail[ing] to

properly consider all factors" under Code § 19.2-120(B). After examining the briefs and record in

this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the

circuit court's judgment.

BACKGROUND

On October 17, 2021, appellant fatally stabbed her family or household member, William

Trent, during an "altercation" at their home while her two minor children were present. Trent's

sister, Tiffany Trent, witnessed the stabbing and reported it to police that day. Appellant was not

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

immediately charged with any offense arising from the stabbing, but police arrested her on an outstanding warrant for a domestic assault against Trent.

On December 16, 2021, appellant "turned herself in" to police after learning that she had been charged with Trent's unlawful stabbing and murder. On December 20, 2021, the juvenile and domestic relations district court granted appellant's motion for pretrial bail, ordering her release on a $5,000 personal recognizance bond, conditioned upon compliance with pretrial supervision and home electronic monitoring.

On December 21, 2021, the circuit court heard the Commonwealth's appeal of the district court's bail decision. *See* Code § 19.2-124. At the hearing, the Commonwealth argued that appellant presented an unreasonable risk of danger to the community. The Commonwealth proffered details about the nature and circumstances of the offense and appellant's criminal history, which included misdemeanor convictions in 2014 for two counts of contempt of court and two counts of petit larceny, and a 2017 felony conviction for grand larceny. Appellant countered that she was not a flight risk, emphasizing that she had submitted to authorities upon learning of her charges. Appellant proffered that she was a "lifelong resident" of the area, employed at Sam's Club, and cared for two young children. Appellant also argued that her release would not pose any risk of danger to the community because the stabbing was "an isolated incident" and there was a "history of domestic violence between the parties."

Following argument by counsel, the circuit court considered the statutory factors governing pretrial bail, stating, "Well, if you look at the statute, it's [Code § ]19.2-120, you just go right down the list of factors." Addressing each factor in turn, the court found that appellant had a limited criminal record, there was "no evidence of mental health or substance abuse," and she had significant "[t]ies to the community," including local employment and residency. Balanced against that evidence, the court found that "the nature of this offense is about as bad as it gets" and the

- 2 -

victim's sister "witnessed the murder," which "goes to the strength of the Commonwealth's case." The court noted that although "a firearm wasn't used," the victim "was killed with a knife. It's a weapon." Weighing those circumstances, the court found that appellant was charged with "a very serious offense with what appears to be strong evidence," concluding that appellant's release would pose a "danger . . . to herself, her family, household members, or the public." Accordingly, the court denied appellant bail.

ANALYSIS

On appeal, appellant contends that the circuit court "failed to properly consider all factors" under Code § 19.2-120(B) "in determining whether to grant bond." Appellant argues that the circuit court placed an "improper emphasis" on "speculative evidence surrounding the incident and [her] limited and dated criminal history." Appellant argues that "there was no evidence to suggest that [she] was a danger to herself or the community." We disagree.

"This Court reviews a trial court's decision whether to grant bail for abuse of discretion." *Commonwealth v. Davis*, 73 Va. App. 711, 716-17 (2021) (quoting *Commonwealth v. Duse*, 295 Va. 1, 7 (2018)). "This standard requires the Court to 'show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance.'" *Davis*, 73 Va. App. at 717 (quoting *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021)). A trial court abuses its discretion by (1) failing "to consider a relevant factor that should have been given significant weight," (2) giving "significant weight to an irrelevant or improper factor," or (3) committing "a clear error in judgment" when weighing "all proper factors." *Duse*, 295 Va. at 7 (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

"A person who is held in custody pending trial . . . shall be admitted to bail . . . unless there is probable cause to believe" that "[h]e will not appear for trial" or "[h]is liberty will constitute an

unreasonable danger to himself, family or household members as defined in § 16.1-228, or the public." Code § 19.2-120(A). In making that determination, "the judicial officer shall consider all relevant information, including" the following:

> (i) the nature and circumstances of the offense; (ii) whether a firearm is alleged to have been used in the commission of the offense; (iii) the weight of the evidence; (iv) the history of the accused or juvenile, including his family ties or involvement in employment, education, or medical, mental health, or substance abuse treatment; (v) his length of residence in, or other ties to, the community; (vi) his record of convictions; (vii) his appearance at court proceedings or flight to avoid prosecution or convictions for failure to appear at court proceedings; and (viii) whether the person is likely to obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness, juror, victim, or family or household member as defined in § 16.1-228.

Code § 19.2-120(B). A court making a bond decision "has a duty to articulate the basis of its ruling sufficiently to enable a reviewing court to make an objective determination that the court below has not abused its discretion." *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015).

Here, the record belies appellant's assertion that the circuit court "failed to properly consider all factors" under Code § 19.2-120(B). To the contrary, the circuit court explicitly considered the statutory factors, addressing each as it went "right down the list of factors." In addition, appellant's claim that the circuit court gave improper weight to either "speculative evidence" regarding the circumstances of the offense or appellant's criminal history is meritless. The court was obligated to consider "the nature and circumstances of the offense," "the weight of the evidence," and appellant's "record of convictions," and did so. Code § 19.2-120(B)(i), (iii), (vi). Moreover, the Commonwealth's proffered evidence was not "speculative" as it established that Trent's sister saw the stabbing and immediately reported it to police. Furthermore, the record demonstrates that the court regarded appellant's limited criminal history as a factor supporting—rather than disfavoring—her pretrial release. Thus, contrary to appellant's assertion on brief, the court denied bail *despite* appellant's limited criminal record, not because of it.

Finally, the record amply supports the circuit court's ruling that appellant's pretrial release posed "a danger to herself or the community." For the court to deny bond it only needed to find "probable cause" that appellant's liberty would pose a danger to herself or others. Code § 19.2-120(A). Appellant is awaiting trial for two violent felony charges based on direct, eyewitness evidence that she fatally stabbed her housemate in the presence of his sister and her two minor children. Furthermore, at the time of the incident, appellant had an outstanding arrest warrant for previously assaulting the victim. Thus, appellant had committed increasingly violent criminal acts against the same victim before her arrest, justifying the circuit court's conclusion that her release would present an unreasonable risk of danger to the community. *Cf. Keene v. Commonwealth*, 74 Va. App. 547, 555 (2022) (holding that evidence of defendant's accrual of increasingly serious charges pending trial for other crimes against the same victim established probable cause to conclude that his pretrial release posed an unreasonable risk of danger to the community).

In sum, the court did not fail to consider the statutory factors or rely on any inappropriate considerations; rather, it considered the escalating seriousness of appellant's charges against the same victim, as well as the balance of the factors enumerated in Code § 19.2-120(B). Accordingly, we do not find that the court abused its discretion in denying appellant bond.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.